UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALASTAIR and DONNA INGRAM,                                            No. 11-13216

                              Debtor(s).
_____/

Memorandum on Plan Confirmation
_____

       The Chapter 13 plan of debtors Alastair and Donna Ingram is now before the court. There are no objections, but the court has an independent duty to review Chapter 13 plans for compliance with the Bankruptcy Code.[1] *United Student Aid Funds, Inc. v. Espinosa,* – U.S – ,130 S.Ct. 1367, 1381, 176 L.Ed.2d 158 (2010).

       The plan calls for the avoidance of a second mortgage on the Ingrams' home, erasing a debt of about $27,000.00. Such debt may not be erased in Chapter 7. *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). However, it may be erased as part of a Chapter 13 plan. *In re Zimmer*, 313 F.3d 1220, 1222 (9th Cir.2002).

       The Ingrams first proposed to pay $154.00 per month for 36 months, which would be enough

---

[1] After the court raised the issue of good faith on its own, the Chapter 13 Trustee filed an objection. The court elects to decide the case as if the objection was solely *sua sponte*.

1

only to pay their attorneys' fees and the trustee's fees. They then filed an amended plan calling for payments of $104.00 per month for 48 months. Like the original plan, the amended plan only pays their attorney and the Trustee's fees even though they could pay something to their creditors merely by extending the length of their plan.

There is no minimum payment required by the Bankruptcy Code, nor is there any specific definition of good faith which a debtor must demonstrate pursuant to § 1325(a)(3). However, it is generally considered to be bad faith to manipulate the Bankruptcy Code to achieve a result not permitted in Chapter 7 merely by calling it a Chapter 13. *In re Eisen,* 14 F.3d 469, 470 (9th Cir 1994).

The court understands that these are hard times and does not look for ways to deny confirmation of a Chapter 13 plan. It takes very little to present a *prima facie* case for confirmation, which is all the court requires to maintain the integrity of bankruptcy law. A debtor can easily satisfy the court's *sua sponte* concerns by showing a mortgage arrearage to be cured, a tax debt to be paid, a small dividend to creditors, or something unique to Chapter 13 so the case is not blatantly a disguised Chapter 7.

Relying on a bankruptcy case from New Mexico, *In re Molina,* 420 B.R. 825 (Bkrtcy. D.N.M. 2009), the Ingrams take the position that they do not have to make even a *prima facie* showing of a legitimate Chapter 13 purpose and are entitled to confirmation. The court does not agree with this case, and believes that the law was correctly stated in *In re Paley,* 390 B.R. 53, 59-60 (Bkrtcy. N.D.N.Y.2008):

> A plan whose duration is tied only to payment of attorney's fees simply is an abuse of the provisions, purpose and spirit of the Bankruptcy Code. These cases, basically Chapter 7 cases hidden within Chapter 13 petitions, blur the distinction between chapters into a meaningless haze.

See also *In re Puffer*, 453 B.R. 14, 22 (D.Mass. 2011)["[T]he bankruptcy court did not err in following the substantial weight of case law adopting the bright-line rule that attorney fee-only cases, including this one, fail to satisfy the statutory good faith requirement."]; *In re Buck,* 432 B.R. 13, 22n14 (D.Mass. 2010), and cases therein cited. See also Judge Jellen's decision in *In re Tran,* 431 B.R. 230,

2

1  238 (Bkrtcy.N.D.Cal.2010), aff'd – F.Supp.2d –, 2011 WL 3862010 (2011)["[T]his case, as a chapter 13 case, is nothing other than an attempt by [the debtor] to unfairly manipulate the Bankruptcy Code to skirt the Supreme Court's holding in *Dewsnup,* and thus, was not filed in good faith."].

The court has reviewed the testimony of the Ingrams carefully, and of course has considerable sympathy for their situation, shared by many in this area. It would have been very easy for them to propose a plan which at least looked like to might be a good faith use of Chapter 13, which is all the court has ever required of any debtor when there were no creditor objections. Instead, the Ingrams have argued that they are entitled to confirmation of their plan as proposed. The court elects to follow the majority of cases and holds that a debtor does not meet the good faith requirement of § 1325(a)(3) of the Bankruptcy Code where, as here, the debtor makes no effort to repay any debts other than to counsel, a plan which would pay something on some debts is feasible, and the debtor's purpose in filing a Chapter 13 is to achieve a result forbidden in Chapter 7. Applying this law, and considering all of the facts and circumstances, the court finds that the Ingrams have failed in their burden to demonstrate good faith.

For the foregoing reasons, confirmation will be denied. Counsel for the Trustee shall submit an appropriate form of order.

Dated: January 3, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

3